**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4267**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDRICK DEONTE JOYNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:16-cr-00168-D-1)

Submitted:  November 29, 2018                    Decided:  December 14, 2018

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Lucy M. Partain, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Deonte Joyner appeals from the 46-month sentence imposed after his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Joyner contends the district court erred by (1) failing to find that his North Carolina offense of discharging a weapon into occupied property ("discharging offense") was relevant conduct for his § 922(g) offense, *see* U.S. Sentencing Guidelines Manual § 1B1.3 (2016), and (2) by imposing his § 922(g) sentence to run consecutively to his state sentence for the discharging offense, *see* USSG § 5G1.3. Joyner also contends that *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), calls into question our precedent regarding assumed error harmlessness analysis. We affirm.

The district court overruled Joyner's objection that his discharging offense was relevant conduct. The court adopted the findings in the presentence report, which recommended a total offense level of 17, criminal history category V (based on 11 criminal history points), and an advisory Sentencing Guidelines range of 46 to 57 months, *see* U.S. Sentencing Guidelines Manual Ch. 5 Pt. A (Sentencing Table) (2016). The court imposed a 46-month sentence, declined to impose the sentence to run concurrently to Joyner's state sentence, and stated "that I impose the same sentence as an alternative variant sentence if I have in any way miscalculated the advisory guidelines range or misapplied the guidelines." (J.A. 33).

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United*

2

*States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks omitted). "Pursuant to this standard, we review the district court's legal conclusions de novo and factual findings for clear error." *Id.* "Whether a crime constitutes 'relevant conduct' under the Guidelines is a factual question we review for clear error." *United States v. Robinson*, 744 F.3d 293, 300 (4th Cir. 2014).

"[I]t is unnecessary to vacate a sentence based on an asserted guidelines calculation error if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way and (2) a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted).

The first requirement is established because the district court "made abundantly clear," *United States v. Hargrove*, 701 F.3d 156, 164 (4th Cir. 2012), that it would impose the same sentence even if it miscalculated the advisory sentencing range. We conclude that the second requirement is satisfied because the sentence is substantively reasonable. The district court thoroughly explained its sentencing determination and provided sufficient reasons justifying its chosen sentence. The court discussed several 18 U.S.C. § 3553(a) (2012) factors, including the serious nature of the offense, Joyner's personal history and characteristics that included a violent criminal history, committing offenses while on probation, and prior lenient treatment by judges that did not deter

3

criminal conduct, and the need to promote respect for the law, impose just punishment, and for incapacitation. Moreover, if the district court had sustained Joyner's relevant conduct objection, his sentencing range would have been 37 to 46 months, and Joyner's 46-month sentence falls into both ranges and is presumptively reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors.") (citation omitted).

Joyner also argues that district court erred by imposing the sentence to run consecutive to his undischarged state sentence, rather than crediting him for time served and imposing his federal sentence to run concurrently with his undischarged term of imprisonment, *see* USSG § 5G1.3(b). The district court stated it would impose the same alternative variant consecutive sentence regardless of any calculation error, and the sentence is substantively reasonable. *See McDonald*, 850 F.3d at 643-45. Moreover, § 5G1.3(b) notwithstanding, the court had discretion to impose the sentence consecutively with all other sentences.

> Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. . . . We find nothing in the Sentencing Reform Act, or in any other provision of law, to show that Congress foreclosed the exercise of district courts' sentencing discretion in these circumstances.

*Setser v. United States*, 566 U.S. 231, 236 (2012). We conclude that the district court did not abuse its discretion.

4

In sum, we conclude that any sentencing calculation error was harmless and that "it would make no sense to set aside a reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (brackets and internal quotation marks omitted). Finally, we find no merit in Joyner's assertion that *Rosales-Mireles* calls into question our precedent applying the assumed error harmlessness inquiry.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*